**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Krupa,<br><br>Plaintiff,<br><br>v.<br><br>5 & Diner N 16th Street LLC, *et al.*,<br><br>Defendants. | No. CV-20-00721-PHX-JJT<br><br>**ORDER** |

At issue is Defendant LPM Holding Company, Inc.'s Motion to Dismiss (Doc. 12, MTD) Plaintiff Rachel Krupa's Complaint (Doc. 1, Compl.). After considering the Motion, Plaintiff's Response (Doc. 20, Resp.) and Defendant's Reply (Doc. 26, Reply), the Court denies Defendant's Motion for lack of subject matter jurisdiction but grants the Motion for failure to state a claim. The Court additionally grants Plaintiff leave to file an amended complaint.

**I.     BACKGROUND**

Plaintiff filed the Complaint against Defendants 5 & Diner N. 16th Street, LLC ("5 & Diner"), L.P.M. Holding Company, Inc. ("LPM"), and JY Foods, LLC ("JY Foods") (collectively, "Defendants"), alleging violations of the Americans with Disabilities Act ("ADA"). 42 U.S.C. 12101, *et seq*. Only LPM has filed the current Motion to dismiss Plaintiff's claims. The other two Defendants have filed Answers to the Complaint (Docs. 11, 27). LPM argues that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1)

and 12(b)(6) because Plaintiff did not name LPM in its EEOC Charge and thus failed to exhaust its administrative remedies.[1]

Plaintiff alleges that both 5 & Diner and LPM are Massachusetts corporations with their principal places of business in Maricopa County, Arizona. (Compl. ¶¶ 2-3.) She started working for all named Defendants in or about 2010 and was either a director or manager throughout the entirety of her employment. (Compl. ¶¶ 11-12.) At all relevant times, Plaintiff had a disability that substantially limited a major life activity but was qualified to handle the essential responsibilities of her role. (Compl. ¶¶ 13-14.) In 2016, Plaintiff informed Defendants that her medical provider had suggested work restrictions due to her disability and requested reasonable accommodations pursuant to the ADA. (Compl. ¶¶ 15-16.) Plaintiff alleges that after she requested the accommodations, Defendants hired a non-disabled individual to replace her; however, this individual was subsequently terminated for gross misconduct in the workplace. (Compl. ¶¶ 18-20.) Defendants then demoted Plaintiff from Director to Manager and hired a different non-disabled employee as her replacement. (Compl. ¶¶ 21-22.)

Plaintiff alleges that in early August 2018, she injured herself at work and exacerbated her disability on or around September 18, 2018. (Compl. ¶¶ 23-24.) On September 26, 2018, Mr. Watson, "the company's" owner, informed Plaintiff that he was terminating her employment due to her disability. (Compl. ¶¶ 26-27.) Defendants subsequently hired a non-disabled individual to replace Plaintiff. (Compl. ¶ 28.) Plaintiff alleges that Defendants' actions were discriminatory and retaliatory in violation of the ADA.

**LEGAL STANDARD**

"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v.*

---

[1] The Court takes judicial notice of Plaintiff's EEOC charge. *See Spina v. Maricopa Cnty. Dep't of Transp.*, No. 05–cv–00712, 2007 WL 4168438, at *2 (D. Ariz. Nov. 20, 2007).

*United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

When analyzing a complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## II. ANALYSIS

### A. Subject Matter Jurisdiction

LPM argues that the Court does not have subject matter jurisdiction because Plaintiff did not include LPM in her EEOC charge and thus failed to exhaust her administrative remedies. Previously, the Ninth Circuit held that federal subject matter jurisdiction did not exist where a plaintiff failed to exhaust her remedies in an employment discrimination case. *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). But the Supreme Court abrogated this decision in *Fort Bend County, Texas v. Davis*, holding that exhaustion of administrative remedies in Title VII cases is not a jurisdictional requirement. 139 S. Ct. 1843, 1851 (2019) (Title VII "charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts"). Courts have consistently applied *Fort Bend's* holding to ADA claims. *See e.g. Vasquez v. Kiewit Infrastructure West, Co.*, 2020 WL 2842671 at *3-4 (D. Haw. June 1, 2020). Pursuant to federal question jurisdiction under 28 U.S.C. § 1331, then, the Court has subject matter jurisdiction over Plaintiff's ADA claim against LPM.

### B. Failure to State a Claim

LPM argues alternatively that the Court should dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) due to Plaintiff's failure to exhaust her administrative remedies. Based on the allegations contained in the Complaint, the Court agrees.

Plaintiff contends in her Response that her failure to include LPM in the EEOC charge does not warrant dismissal under Fed. R. Civ. P. 12(b)(6) because 5 & Diner and LPM are joint employers, or, alternatively, because her failure to include LPM falls under each of the four exceptions outlined in *Sosa v. Hiraoka*, 920 F.2d 1451, 1459 (9th Cir. 1990). In *Sosa*, the court held that a plaintiff may sue a party not included in the EEOC complaint when: "(1) the party was "involved in the acts" which gave rise to the claim; (2)

the party 'should have anticipated' that it would be named in the complaint; (3) the respondent named in the EEOC complaint is 'substantially identical' to the unnamed party; or (4) the unnamed party had notice of and participated in the EEOC conciliation efforts." *Id.*; *Ross v. Wolf*, 2019 WL 4169000 at *3 (D. Ariz. Sept. 3, 2019).

In support of these arguments, Plaintiff added multiple contentions to her Response that were not among the allegations in her Complaint. Specifically, Plaintiff stated for the first time that Mr. Watson is the owner of both 5 & Diner as well as LPM and that the two corporations share a principal location in Maynard, Massachusetts.[2] (Resp. at 2.) LPM correctly asserts that the Court may not consider new assertions in Plaintiff's Response when evaluating LPM's Motion, but instead must restrict its review to allegations contained in the Complaint. *See United States v. 14.02 Acres of Land More or Less*, 530 F.3d 883, 894 (9th Cir. 2008). Plaintiff's Complaint alleges little, if anything, to illustrate either that LPM and 5 & Diner are joint employers or that Plaintiff's failure to include LPM in the EEOC charge falls under one of the four exceptions outlined in *Sosa*, 920 F.2d at 1459. Plaintiff has failed to exhaust her administrative remedies with regard to LPM. This warrants dismissal under Fed. R. Civ. P. 12(b)(6). *See id.* at 1458.

### C. The Court Will Grant Plaintiff Leave to Amend Complaint

In her Response, Plaintiff requests leave to amend the Complaint should the Court find it defective. (Resp. at 5.) Fed. R. Civ. P. 15 provides that leave to amend should be freely granted "when justice so requires," and the Ninth Circuit has held that if a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "The power to grant leave to amend, however, is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or

---

[2] This differs from Plaintiff's Complaint, which alleged that 5 & Diner and LPM's principal locations were in Maricopa County, Arizona. (Compl. ¶¶ 2-3.)

futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)).

Here, justice requires giving Plaintiff an opportunity to amend her Complaint in order to plead facts that are sufficient to state a claim against LPM. To do so, however, Plaintiff must do more than merely amend the Complaint to include the allegations that Mr. Watson owns both 5 & Diner and LPM and that the two corporations share a principal location. The addition of these allegations alone is inadequate either to demonstrate that LPM and 5 & Diner are joint employers or that Plaintiff's failure to include LPM in the EEOC Charge falls under one of the four exceptions outlined in *Sosa*, 920 F.2d at 1459.

Moreover, Plaintiff's Amended Complaint shall specify which Defendant or Defendants engaged in the specific conduct Plaintiff has alleged. The current Complaint states that "Defendants" collectively are responsible for the employment decisions and identifies Mr. Watson as merely the owner of "the company." (Compl. ¶¶ 11-12, 16, 18-20, 22, 25.) Based solely on the Complaint's present allegations, it would not be clear that her day-to-day employer was 5 & Diner as opposed to LPM or JY Foods. If all three Defendants truly participated in promoting Plaintiff to Director of Operations, terminating her because of her disability, and the other employment decisions alleged by Plaintiff, then she must allege facts illustrating that all three Defendants collectively made each such decision. Alternatively, if only 5 & Diner made these decisions, then Plaintiff must allege facts sufficient to show why LPM is still responsible for 5 & Diner's conduct as a joint employer.

Finally, if Plaintiff chooses to amend her Complaint to include allegations sufficient to show that LPM qualified as an employer under the ADA, she must be prepared to produce evidence in discovery to support the new allegations. If Plaintiff fails to proffer such evidence and LPM ultimately is dismissed as a Defendant due to lack of such evidence, Plaintiff may face sanctions under Fed. R. Civ. P. 11 as well as responsibility for Defendant's attorney's fees.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 12).

1    **IT IS FURTHER ORDERED** granting Plaintiff's request to amend the Complaint.
2    (*See* Doc. 20.) Plaintiff shall have 21 days to file an Amended Complaint that complies with
3    this Court's Order.
4        Dated this 28th day of December, 2020.

                                                Honorable John J. Tuchi
                                                United States District Judge